The People ex rel. Charles Stange v. The Judge of the Wayne Circuit Court.

*Mandamus : Set-off: Nonsuit : Discontinuance.* Where a plaintiff who has appealed from a judgment of a Justice of the peace, whereby a set-off was established against him, does not appear for trial of such appeal in the Circuit Court, said court cannot try the cause and can render no judgment therein, except judgment as in cases of nonsuit ( § *4409 Comp. L.*), or a judgment of discontinuance ( § *3859 Comp. L.*). The pendency of a claim of set-off by the defendant will not give him any right under the statute to try the cause if the plaintiff fails to appear.

*Heard and decided April 11.*

Motion for *mandamus.*

The petition sets forth that the relator was prosecuted in Justice's court by John Cadwallader, upon the common counts in *assumpsit,* under which Cadwallader filed a bill of particulars, amounting in the aggregate to $229 50; relator pleaded the general issue with notice of set-off, amounting in the aggregate to $282; the cause was tried and judgment rendered for relator for $172 02: the plaintiff appealed to the Circuit Court for the county of Wayne, and the cause came on for trial, and the plaintiff's attorney withdrew from the cause; thirty days notice thereof was given to the plaintiff and proof of service thereof filed in said cause: the cause came on for trial again and the plaintiff did not appear, nor did any one appear on his behalf, and on the evidence given on behalf of relator, a judgment was rendered in his favor against the plaintiff and his surety on the appeal bond, for the excess of relator's claim, by set-off over and above plaintiff's demand: afterwards, on motion of said plaintiff and said surety, said judgment was set aside on the sole ground that it was error to enter any other judgment on failure of plaintiff to appear, than that of nonsuit: the cause came on for trial again and the plaintiff failed to appear, nor did any

STANGE *v.* THE JUDGE OF THE WAYNE CIRCUIT.

one appear on his behalf; relator offered to prove the plaintiff's demand and to prove his own claim largely in excess thereof, and the court declined to receive said evidence; relator also offered to prove his own claim in accordance with his bill of particulars, and the court declined to receive any evidence on the part of relator and directed an order to be entered discontinuing said appeal for want of prosecution, with costs: the said plaintiff had departed the jurisdiction of said court, and if said decision is permitted to stand, relator will lose his entire claim. The prayer was for a *mandamus* to compel said Circuit Court to reinstate said cause and to proceed to the trial thereof.

The answer admits that the matters stated are substantially true, but submits that by the established practice of courts of record the relator was not entitled to proceed to a trial of the issue in said cause, when the plaintiff was not in court nor represented by any attorney or other person.

*L. T. Griffin* for the motion.

*D. C. Holbrook, contra,* insisted that by §§ *4409, 4410 and 4411, Comp. L.,* the court was expressly prohibited from permitting any judgment in said cause other than that of nonsuit to be entered, or judgment of discontinuance, according to § *3859, Comp. L.*

THE COURT held that the Circuit Court had no authority to try the cause, and could render no judgment except judgment as in cases of non-suit under §§ *4409, et. seq., Comp. L.,* or discontinuance under § *3859, Comp. L.*.

*Mandamus* refused.